IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRIS PINDER, As Sole Surviving Spouse of APRIL L. PINDER, Deceased, and As Prospective Executor of the Estate of APRIL L. PINDER, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>LANCER INSURANCE COMPANY, TRISTAN LOGISTICS LLC, CARLTON O. DOUGLAS, MAGELLAN TRANSPORT LOGISTICS, INC., HENKEL CORPORATION, AND WAL-MART STORES EAST LP,<br><br>    Defendants. | CASE NO.: 7:23-CV-53 (LAG) |

## ORDER

Before the Court is Defendant Magellan Transport Logistics Inc.'s (MTL) Motion to Dismiss and Defendant Wal-mart Stores East LP's (Wal-mart) Motion for Judgment on the Pleadings. (Docs. 54, 74). For the reasons below, Defendant MTL's Motion to Dismiss is **GRANTED** and Defendant Wal-mart's Motion for Judgment on the Pleadings is **GRANTED**.

## BACKGROUND

On the morning of March 11, 2022, Decedent April L. Pinder was traveling South on VO Tech Drive in Irwin County, Georgia.[1] (Doc 1-1 ¶ 23). Defendant Carlton O. Douglas was driving east on Old Whitley Road in Irwin County, Georgia in a tractor trailer. (*Id.* ¶ 25). The two vehicles met at the intersection of Old Whitley Road and VO Tech

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in the Amended Complaint (Doc. 1-1) as true. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

Drive and Defendant Douglas failed to stop, as required by law. (*Id.* ¶¶ 25–27). The front end of Defendant Douglas' tractor trailer struck Pinder's vehicle which became lodged in the rear wheels of Defendant Douglas' trailer. (*Id.* ¶¶ 28–29). Pinder did not survive the collision. (*Id.* ¶ 33).

At the time of the collision, the tractor trailer operated by Defendant Douglas was owned by Defendant Tristan Logistics. (*Id.* ¶ 37). Defendant Douglas was carrying cargo that he picked up in Kentucky and was transporting to Douglas, Georgia, for delivery. (*Id.* ¶ 40). Plaintiff alleges that Defendants MTL and Wal-Mart entered into a contract with Defendant Tristan Logistics to act as a broker and/or shipper to arrange for the delivery of the subject load, and that "[a]s part of [their] duties under this contract, . . . [Defendants MTL and Wal-mart] undertook to ensure the safe delivery of a load from Kentucky to Georgia." (*Id.* ¶¶ 42–43). Plaintiff further alleges that Defendants MTL and Wal-mart "had control over the time, manner, and method of how Defendant Tristan Logistics and/or [Defendant] Douglas were to pick-up and deliver the subject load." (*Id.* ¶ 50 (emphasis omitted)).

On November 3, 2022, Plaintiff filed an Amended Complaint in DeKalb County, Georgia. (Doc. 1 at 2). Defendant Wal-mart removed the case to the United States District Court for the Northern District of Georgia on December 7, 2022. (*See* Docket; Doc. 1-1). On April 26, 2023, Defendant MTL filed a Motion to Dismiss, and, on April 27, 2023, the case was transferred to this Court. (Docs. 54, 57). Plaintiff filed a Response on May 24, 2023, and Defendant MTL filed a Reply on June 6, 2023. (Docs. 72, 73). The Parties subsequently filed several documents regarding supplemental authority related to Eleventh Circuit, Seventh Circuit, and various district court cases interpreting and applying the Federal Aviation Administration Authorization Act. (Docs. 80, 82, 83, 85, and 86). On June 7, 2023, Defendant Wal-mart filed a Motion for Judgment on the Pleadings "[f]or nearly identical reasons put forth in [MTL's] Motion to Dismiss[.]" (Doc. 74). Plaintiff filed a Response on June 28, 2023, and Defendant Wal-mart filed a Reply on July 10, 2023. (Docs. 78, 79). Thus, the Motion to Dismiss and Motion for Judgment on the Pleadings are ripe for review. *See* M.D. Ga. L.R. 7.3.1A.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court "take[s] the factual allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiffs," but is "not required to accept the legal conclusions in the complaint as true." *Anderson*, 17 F.4th at 1344–45 (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Rule 12(c) provides that "a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Courts analyze motions for judgment on the pleadings using "the same standard as" motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Carbone*, 910 F.3d at 1350 (citation omitted). Thus, the Court will accept all material facts in the complaint as true and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). Courts may only grant a motion for judgment on the pleadings "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). If there is a material dispute of fact in the parties' pleadings, the court must deny judgment on the pleadings. *Id.*

## DISCUSSION

3

Both Defendants MTL and Wal-mart seek dismissal in this matter under the same principles. The Court will first address the Defendants' motions regarding *respondeat superior* claims. Then the Court will address the negligence claims that Defendants argue are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). 49 USC § 14501(c)(1).

I.  **Agency/*Respondeat Superior* Claims**

In Counts Seven and Eleven, Plaintiff seeks to impose liability on MTL and Wal-mart, respectively, under a theory of *respondeat superior*, generally alleging that Defendants Tristan Logistics and Douglas were agents of MTL and Wal-mart and that MTL and Wal-mart, therefore, are liable for their actions. (Doc. 1-1 ¶¶ 142–54, 225–237). Specifically, Plaintiff alleges that Defendants MTL and Wal-mart entered into a contract with Defendant Tristan Logistics to deliver a load from Kentucky to Georgia and that MTL and Wal-mart "had control over the time, manner, and method of how Defendant[s] . . . were to pick-up and deliver the subject load." (*Id.* ¶¶ 43, 50). In support of this contention, Plaintiffs allege that Defendants Tristan Logistics and Douglas were required to check in with and provide tracking updates via "4 Kites" to MTL and Wal-mart, that Defendants Tristan Logistics and Douglas were required to provide in and out times from the pick-up facility, and that Defendant Tristan Logistics was required to submit a bill in order to receive payment from MTL and Wal-mart. (*Id.* ¶¶ 52–53, 56–59).

Georgia law states that "[f]or the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent." O.C.G.A. § 51-2-1(a). Additionally, negligence is not generally imputed when the action is committed by an independent contractor who is "not subject to the immediate direction and control of the employer." O.C.G.A. § 51-2-4. An employer will only be liable for the acts of an independent contractor when the employer "actually excercise[s] control over the manner and means of doing the details of the work[.]" *Toys "R" Us, Inc. v. Atlanta Econ. Dev. Corp.*, 393 S.E.2d 44, 46 (Ga. Ct. App. 1990) (quoting *Bentley v. Jones*, 173 S.E. 737, 739 (Ga. Ct. App. 1934)).

4

In its Motion to Dismiss, MTL argues that Count Seven fails to state a claim because the Complaint does not include "allegations that MTL exercised sufficient control over the motor carrier and its driver to establish an agency relationship[.]" (Doc. 54-1 at 3). Likewise, Defendant Wal-mart argues that because "Plaintiff's claim against [MTL] is identical to Plaintiff's claim against [Wal-mart] for respondeat superior[,] . . . the respondeat superior claims against [Wal-mart] should be similarly dismissed." (Doc. 74 at 2).

Plaintiff alleges that Defendants MTL and Wal-mart selected, hired, and contracted with Defendants Tristan Logistics and Douglas to pick up and deliver the load that Defendant Douglas was carrying at the time of the incident. (Doc. 1-1 ¶¶ 45–51; Doc. 78 at 3). Plaintiff further alleges that Defendants MTL and Wal-mart "direct[ed]" Defendant Douglas to pick up the load in Kentucky and required him to check in and provide tracking updates during transport. (Doc. 1-1 ¶¶ 42–59; Doc. 78 at 3–4). These allegations are not sufficient "plausibly [to] allege that [MTL or Wal-mart] 'controlled the time, manner, and method' of the purported agent's activities or operations." *Gauthier v. Hard to Stop LLC*, 6:20-cv-93, 2022 WL 344557, at *3 (S.D. Ga. Feb. 4, 2022), *aff'd*, No. 22-10774, 2024 WL 3338944 (11th Cir. July 9, 2024) (citations omitted). In order "for an employer to be liable for the negligent acts of an independent contractor, the employer must retain more than a general right to oversee the work done, but instead must retain control so that "the contractor is not entirely free to do the work in his own way." *Castleberry v. Thomas*, No. 5:20-CV-396 (MTT), 2020 WL 7048280, at *3 (M.D. Ga. Dec. 1, 2020) (citation omitted). As was the case in *Gauthier* and *Castleberry*, there is no evidence that either MTL or Walmart "[told] the driver which routes to take, [provided] equipment to the driver, [provided] insurance for the driver, [or] 'exercise[d] any control or input over the time, method and manner of [the driver's] work and driving.'" *Id.* at *4 (sixth alteration in original) (quoting *McLaine v. McLeod*, 661 S.E.2d 695, 698 (Ga. Ct. App. 2008)). Instructing a driver where to pick up and drop off cargo is not enough to establish control. *See id.* Moreover, "[m]onitoring and checking an independent contractor's progress, even on a frequent basis, is 'thoroughly consistent with the relationship of the employer and

5

independent contractor and with the mere right of the employer to insist on a certain result.'" *Id.* at *3 (quoting *Kimble v. BHM Constr. Co., Inc.*, 388 S.E.2d 40, 41 (Ga. Ct. App. 1989)). Accordingly, Plaintiff has failed to state a claim for negligence against Defendant MTL or Wal-mart.

## II. Negligence Claims

In Count Eight, Plaintiff raises a negligence claim against MTL, and in Count Twelve, Plaintiff asserts a claim for joint enterprise, negligent hiring, training, entrustment, supervision, retention, and shipping against Wal-mart. (Doc. 1-1 ¶¶ 155–173, 238–275). Both Defendants argue that these negligence claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA", 49 U.S.C. § 14501(c)(1)). (Doc. 54-1 at 8–15; Doc. 74 at 1–2). Section 14501(c)(1) of the FAAAA, provides that a state:

> may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). The FAAAA contains a safety exception providing that the above statute:

> shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization[.]

49 U.S.C. § 14501(c)(2)(A).

In *Aspen American Insurance Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023), the Eleventh Circuit considered "whether the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA") bars . . . negligence claims against a transportation broker based on the broker's selection of a motor carrier and, if it does, whether the Act's 'safety exception' allows those claims to proceed." Finding that

part of a broker's service included "arranging for the transportation of property by a motor carrier[,]" and that a crucial part of that service included "selecting the motor carrier who will do the transporting[,]" the court held that a claim for negligent hiring is exactly the service for which a broker is responsible. *Id.* at 1267. The court further held that the "FAAAA expressly preempt[ed] [the Plaintiff's] claims unless they fall within one of the Act's preemption exceptions." *Id.* at 1267–68.

With regard to the safety exceptions set forth within § 14501, the court held that there are two requirements for a claim to fall under the safety exception. Those two requirements are that: "(1) the negligence standard must constitute an exercise of [the State's] safety regulatory authority, and (2) that authority must have been exercised with respect to motor vehicles." *Id.* at 1268 (internal quotations omitted) (quoting 49 U.SC. § 14501(c)(2)(A)). The court held that the claim of negligent hiring by a broker satisfied the first element but did not satisfy the second element of the exception which the court interpreted to be limited to "state laws that have a direct relationship to motor vehicles." *Id.* at 1271 (emphasis omitted). Explaining that "a mere indirect connection between state regulations and motor vehicles will not invoke the FAAAA's safety exception[,]" the court concluded that a claim of negligent hiring by a broker did not fall under the safety exception of § 14501(c)(2)(A).[2] *Id.* at 1272.

Furthermore, that Plaintiff here seeks damages for bodily injury rather than property damages is of no consequence as the Eleventh Circuit held that "it makes little sense for the safety exception to turn on whether a plaintiff seeks damages for property loss or bodily injury—the common law negligence standard is the same no matter the damages a breach has caused." *Aspen*, 65 F.4th at 1269; *see Gauthier*, 2024 WL 3338944, at *2 ("But the nature of the injury is not what matters for purposes of the Act's preemption provision.").

---

[2]   To the extent that Plaintiff cites to "[r]ecent decisions finding that the FAAAA does not preempt personal injury and wrongful death claims against freight brokers[,]" the Eleventh Circuit recently reiterated that "*Aspen* is binding." *Gauthier v. Hard to Stop LLC*, No. 22-10774, 2024 WL 3338944, at *2 (11th Cir. July 9, 2024).

Plaintiff's negligence claims against MTL and Wal-mart are, therefore, preempted under 49 U.S.C. § 14501(c)(1).

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Magellan Transport Logistics Inc.'s Motion to Dismiss (Doc. 54) and **GRANTS** Defendant Wal-mart's Motion for Judgment on the Pleadings (Doc. 74). Having dismissed Counts Seven, Eight, Eleven, and Twelve, the related claims for punitive damages also are **DISMISSED**.

**SO ORDERED**, this 27th day of September, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**